# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHAD PHILLIPS, | ) | CASE NO. 3:14-CV-1824 |
| | ) | |
| Petitioner, | ) | JUDGE GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| AL LAZAROFF, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This 28 U.S.C. § 2254 petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the petition of Chad Phillips ("Phillips" or "Petitioner"), for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio vs. Phillips*, Case No. 11-05-71 (Van Wert County Dec. 16, 2011). (Doc. No. 6-1 at Ex. 1.) For the following reasons, the magistrate judge recommends that the petition be DISMISSED with prejudice.

## I.  Introduction

The state appellate court that affirmed Petitioner's conviction noted the following facts:

> [This case arises] out of a May 12, 2011 incident in which Phillips fatally shot Christopher McMillen. At the time of the shooting, Phillips' previous girlfriend was romantically involved with McMillen. After drinking a copious amount of alcohol, Phillips traveled to confront McMillen at the girlfriend's house. Shortly after Phillips arrived and with the girlfriend's children and brother present, he shot McMillen in the leg. McMillen then crawled into a bathroom and closed the door behind him. Phillips followed him, reloaded, and shot several times through the door. McMillen died later that evening from the wounds he sustained.

*State v. Phillips*, NO. 15-12-02, 2012-Ohio-5950, 2012 WL 6571626 at * 1 (Ohio Ct. App. Dec. 17, 2012).

## II.  State Court Proceedings

### A.  Indictment and Guilty Plea

In May 2011, the State issued an indictment charging Petitioner with one count each of aggravated murder (Count One), attempted murder (Count Two), aggravated burglary (Count Three), and felonious assault (Count Four).  (Doc. No. 6-1 at Ex. 3.) Each count contained a firearm specification.  (*Id*.)  With respect to the aggravated murder count, the State did not allege any of the aggravating circumstances listed in Ohio Revised Code § 2929.04 that could result in the imposition of the death sentence.

In August 2011, Petitioner, through counsel, filed a motion to determine his competency to stand trial and entered a written plea of not guilty by reason of insanity. (Doc. No. 6-1 at Exs. 6, 7.)  In October 2011, after a psychiatric assessment and a

hearing on Petitioner's competency, the state trial court determined that Petitioner was competent to stand trial. (*Id*. at Ex. 9.) In November 2011, Petitioner filed a petition to enter a plea of guilty. (*Id*. at Ex. 11.) The petition reflected that, in exchange for Petitioner's agreement to plead guilty to Count One (aggravated murder), the State agreed to dismiss the second through fourth counts of the indictment, and all specifications, including the firearm specification asserted in Count One. (*Id*.)

Thereafter, the state trial court conducted a change of plea hearing. (Transcript of Plea Hearing ("Pl.") at 3, Doc. No. 6-2.) Through questioning, the trial court ascertained that Petitioner had read and understood his petition to plead guilty, and understood the nature of the charge against him. (*Id*. at 4-5.) Petitioner indicated that he understood that, by pleading guilty, he was waiving his right to: a trial by jury where the State would be required to prove his guilt beyond a reasonable doubt; confront and cross-examine witnesses against him; compel witnesses to testify; testify or refuse to testify on his own behalf; and appeal any verdict against him. (*Id*. at 5.) Petitioner stated that he was satisfied with the representation of his counsel and was changing his plea voluntarily. (*Id*. at 6-7.) The trial court described the potential penalties for aggravated murder in Petitioner's case, *i.e.*, a sentence of life without parole eligibility; or a life sentence with the possibility of parole after 20, 25 or 30 years. (*Id*. at 7.) Petitioner stated that he understood the potential penalties, and acknowledged that, despite any agreement he had with the State, the sentence in his case was within the sole discretion of the trial court. (*Id*.) The trial court determined that Petitioner's plea was made "freely, voluntarily and understandably" and accepted the guilty plea. (*Id*. at

3

9-10.)

In December 2011, the trial court sentenced Petitioner to life imprisonment with the possibility of parole after 30 years. (Doc. No. 6-1 at Ex. 1.)

**B.    Direct Appeal**

Petitioner, through new counsel, filed a timely notice of appeal. (Doc. No. 6-1 at Ex. 14.) He asserted the following relevant assignments of error:

> I.     As Mr. Phillips was not alleged to have committed his conduct with any aggravating circumstances from [Ohio Revised Code] § 2929.04(A) applicable, due process and the equal protection clause of the Ohio Constitution and the United States Constitution compel a sentence of 20 to life.
>
> * * *
>
> VIII.  Ohio sentencing law amounts to an equal protection violation, as a person alleged falsely of an aggravating circumstance faces a lesser sentence than a person not alleged to have committed his offense with any aggravating circumstance present.
>
> * * *
>
> XI.    The plea in this case was not knowing, voluntary and intelligent, in violation of the Ohio Constitution and the United States Constitution because the Trial Court did not discuss the affirmative defense of sanity at the time of the act.

(*Id*. at Ex. 15.) In December 2012, the state appellate court affirmed Petitioner's conviction and sentence. *Phillips*, 2012 WL 6571626 at *11.

In March 2013, after unsuccessfully requesting reconsideration from the state appellate court, Petitioner, *pro se*, filed a notice of appeal in the Ohio Supreme Court. (Doc. No. 6-1 at Ex. 20.) In his memorandum in support of jurisdiction, Petitioner

asserted the same relevant issues that he asserted in his intermediate appeal. (*Id*. at Ex. 21.) In May 2013, the Ohio Supreme Court declined jurisdiction and dismissed the case. *State v. Phillips*, 987 N.E.2d 704 (Table), 135 Ohio St.3d 1448 (Ohio 2013).

### III. Proceedings in this Court

In August 2014, Petitioner, through counsel, filed his § 2254 petition. (Doc. No. 1.) He asserts the following three grounds for relief:

> I. As Mr. Phillips was not alleged to have committed his conduct with any aggravating circumstance from R.C. 2929.04(A) applicable, due process and the [E]qual [P]rotection [C]lause of the Ohio Constitution and the United States Constitution compel a sentence of 20 to life.
>
> Supporting Facts: The Ohio Legislature, in drafting amendments to Ohio sentencing law relating to Aggravated Murder convictions, seems to have made a major error, acknowledged by both David Diroll of the Ohio Sentencing Commission and a representative of the Ohio Legislative Service Commission. Namely, the Ohio Legislature tried to enable trial courts to delay parole eligibility beyond the prior 20-year wait but failed to amend a provision of Ohio law compelling eligibility after exactly 20 years in most cases. The [state appellate court], despite these acknowledgments, found no error in the statutes, which is an untenable position. The error exists. The State of Ohio agreed to stand silent at sentencing and to make no sentencing recommendation. The Pre-Sentencing Investigation also included no recommendation. On December 15, 2011, [Petitioner] was sentenced to a term of life imprisonment, with no chance of parole until [Petitioner] has served a full thirty (30) years.
>
> II. Ohio sentencing law amounts to an equal protection violation, as a person alleged falsely of an aggravating circumstance faces a lesser sentence than a person not alleged to have committed his

5

>   offense with any aggravating circumstance present.
>
>   Supporting Facts: Ohio sentencing law amounts to an equal protection violation, as a person alleged falsely of an (A)(5) aggravating circumstances faces a lesser sentence potential than a person not alleged to have committed his offense with any aggravating circumstance present, at least under one possible (but objected to) construction of Ohio law.
>
> III.  The plea in this case was not knowing, voluntary, and intelligent, in violation of Criminal Rule 11, the Ohio Constitution, and the United States Constitution and because the [t]rial [c]ourt did not discuss the affirmative defense of sanity at the time of the act.
>
>   Supporting Facts: The [t]rial [c]ourt did not inform [Petitioner] in a personal colloquy that he would not be eligible for probation or for the imposition of community control sanctions (immediately or by way of judicial release) at the sentencing hearing. The [t]rial [c]ourt utterly failed to address the unavailability of judicial release and/or probation at all. Whereas [Petitioner] was advised by the [t]rial [c]ourt as to the applicable sentences described in R.C. § 2929.03(C)(1), [Petitioner] also presumably had an understanding of the entire law relevant to his case. [Petitioner's] lack of prediction and advice of that interpretation renders the plea actually without knowledge and intelligence, and hence the same was involuntary. Additionally, [Petitioner] entered a written plea of Not Guilty by Reason of Insanity. The [t]rial [c]ourt did not discuss this in any detail at the change of plea hearing.

(*Id.*)

Thereafter, the State filed its Answer/Return of Writ in this case. (Doc. No. 4.) The State argues that Petitioner's first and second grounds for relief (pertaining to the sentencing) are: (1) procedurally defaulted; (2) not cognizable; (3) without merit; and (4) unexhausted. (*Id.*) The State contends that Petitioner's third ground for relief

(pertaining to the plea) lacks merit. (*Id.*)

## IV. Procedural and Related Issues

**A.    Jurisdiction**

A state prisoner may file a § 2254 petition in "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Van Wert County, Ohio sentenced Petitioner. (Doc. No. 6-1 at Ex. 1.) Van Wert County is within this Court's geographic jurisdiction. *See* 28 U.S.C. § 115(a). Accordingly, this Court has jurisdiction over Petitioner's § 2254 petition.

**B.    Petitioner's First and Second Grounds for Relief**

    **1.    Background**

Petitioner's first and second grounds for relief arise out of various provisions of Ohio sentencing law. The first, Ohio Revised Code Section 2929.04, lists the ten aggravating circumstances that can result in the imposition of the death penalty in a case in which the defendant is accused of aggravated murder. The statute requires the State to allege the relevant aggravating circumstance or circumstances in the indictment or count of the indictment alleging aggravated murder, and to prove the alleged circumstance or circumstances beyond a reasonable doubt. Ohio Rev. Code Ann. § 2929.04(A). Included in the list is the "prior conviction" aggravating circumstance, set forth in subsection (A)(5), which authorizes the imposition of the death penalty where "[p]rior to the offense at bar, the offender was convicted of an offense an essential element of which was the purposeful killing of or attempt to kill

7

another . . . ."

The second Ohio statute relevant to Petitioner's arguments is Section 2929.03. As relevant to Petitioner's claims in this case, under Section 2929.03,"if the indictment or count of the indictment charging aggravated murder does not contain one or more specification of aggravating circumstances listed in" Section 2929.04, or if the State alleges aggravating circumstances but fails to prove any of them beyond a reasonable doubt, a trial court has the discretion to sentence the defendant to: (1) life imprisonment without parole; (2) life imprisonment with parole eligibility after 20 years; (3) life imprisonment with parole eligibility after 25 years; or (4) life imprisonment with parole eligibility after 30 years.  Ohio Rev. Code Ann. § 2929.03(A)(1)(a)-(d), (C)(1).[1]

The third Ohio statute at issue in this case is Section 2929.022(B), which governs the sentencing of an individual who is convicted of aggravated murder in a case in which the State alleges one or more of the aggravating circumstances listed in Section 2929.04, and one of those circumstances is the prior conviction circumstance set forth in Section 2929.04(A)(5).  As relevant in this case, under Section 2929.022(B), in a case in which the State alleges one or more aggravating circumstances and one of those circumstances is the prior conviction, the trial court "shall impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment" if the trier of fact does not find any of the aggravating circumstances to have been proven beyond a reasonable doubt.  Ohio Rev. Code Ann. § 2929.022(B)(1) (emphasis added).

---

[1]Subsection (A)(1) governs where the State did not allege any aggravating circumstances.  Subsection (C)(1) governs where the State alleged aggravating circumstances but failed to prove them.  Both subsections assign the same discretion to the sentencing court.

8

In sum, generally, where the State either does not allege aggravating circumstances or fails to prove those aggravating circumstances that are alleged in the indictment, Revised Code Section 2929.03 grants the state trial court discretion to choose amongst four possible sentences for aggravated murder, ranging from life imprisonment with parole eligibility after 20, 25 or 30 years to life imprisonment without parole. That discretion, however, is absent if the State alleges the aggravating circumstance of a prior conviction and fails to prove it; in such circumstances, Revised Code Section 2929.022(B)(1) requires the trial court to sentence the defendant to life imprisonment with parole eligibility after 20 years.

In this case, the State did not allege any aggravating circumstances in the indictment; thus, Section 2929.03(A) determined the sentencing range available to the trial court. Under Section 2929.03(A), the trial court had the discretion to sentence Petitioner to any one of the four sentences designated in that statute, including the life term with parole eligibility after 30 years that the trial court imposed. Because the first and second grounds for relief assert similar arguments to attack the sentence imposed by the trial court, they shall be addressed together.

### 2. Cognizability

The State argues that, to the extent that Petitioner's first and second grounds for relief assert errors of state law by the Ohio courts, those grounds for relief are not cognizable on habeas review. The State is correct. It is well established that federal habeas relief is not available for errors of state law. *See Lewis v. Jeffers, 497 U.S. 764, 780 (1990)* ("[F]ederal habeas corpus relief does not lie for errors of state law."). Petitioner devotes much of his first ground for relief to arguing that Ohio's legislature

erred when it enacted various sentencing reforms that resulted in the sentence imposed in his case, and that the trial court erred in applying Ohio law to impose a sentence of life imprisonment with parole eligibility after 30 years. These are errors of state law that are not cognizable on habeas review. Accordingly, to the extent that Petitioner asserts state law errors in his first and second grounds for relief, they are not cognizable on habeas review and should be dismissed.

### 3. Exhaustion and Procedural Default

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. *See* 28 U.S.C. § 2254(b) and (c); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *See Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990). If any state procedures for relief remain available, the petitioner has not exhausted his state remedies, and, generally, a federal court must dismiss his petition. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Where, however, there are no longer any state court remedies still available to a petitioner with respect to a particular claim, this Court may deem that claim procedurally defaulted. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time of the federal petition,' *Engle v. Isaac,* 456 U.S. 107, 125, n.28 (1982), it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred

under [state] law,' *Castille*[, 489 U.S. at 351].").

Generally, a federal court must decline to review "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If the State argues that a petitioner has procedurally defaulted a claim, the Court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. . . . [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

11

In its decision affirming his conviction, the state appellate court declined to consider Petitioner's constitutional arguments attacking his sentence on the basis that Petitioner had waived appellate review of those issues:

> The essential import of these arguments is that R.C. 2929.03(A) is unconstitutional and we should instruct the trial court to pronounce a sentence of life imprisonment with parole eligibility after 20 years.  We note that Phillips did not raise issues of constitutionality in the trial court.  When a party fails to raise such issues, they are waived.

*Phillips*, 2012 WL 6571626 at *8. [2]  The State contends that the state appellate court's reliance on this Ohio procedural rule to decline to review the claims constitutes an independent and adequate state ground such that Petitioner has procedurally defaulted his constitutional claims.[3]

It is well settled in Ohio law that, where a party fails to preserve an issue in the trial court, he has waived all but plain error review of that issue on appeal.  *See, e.g.,*

---

[2] Earlier in its decision, after determining that the relevant sentencing statutes were not ambiguous and that the state trial court had correctly applied them in Petitioner's case, the state appellate court concluded, "we need not address Phillips' arguments that the application of the statute violated equal protection and due process."  *Phillips*, 2012 WL 6571626 at *8.  Thereafter, however, the state appellate court relied on the waiver rule discussed above to decline to address Petitioner's constitutional claims.  *Id*.

[3] The State's briefing of this issue is inconsistent.  In its Return of Writ, the State first argues that the appellate court declined to review Petitioner's constitutional claims because Petitioner failed to notify the Ohio Attorney General of his intention to challenge the constitutionality of the relevant statutes.  (Doc. No. 6 at 19.)  Review of the state appellate court decision reveals that this is not the reason that the appellate court declined to consider Petitioner's constitutional claims.  Accordingly, the State is incorrect in its argument of this specific issue.  Later in the Return, however, the State identifies the basis upon which the state appellate court actually relied in declining to consider the claims – that Petitioner had not first asserted them in the trial court – and argues that this basis is an independent and adequate state procedural ground.  (*Id*. at 19-20.)

*State v. Smith*, 731 N.E.2d 645, 654-55, 89 Ohio St.3d 323, 332 (Ohio 2000). This "contemporaneous objection rule" is an independent and adequate state ground for the state appellate court's failure to review the merits of Petitioner's constitutional claims. *Williams v. Bagley*, 380 F.3d 932, 968-69 (6th Cir. 2004). Petitioner does not assert any argument regarding cause and prejudice for his procedural default of his constitutional claims. Nor does he contend that he is actually innocent such that this Court should excuse his procedural default. Accordingly, to the extent that Petitioner's first and second grounds for relief assert constitutional challenges to his sentence, he has procedurally defaulted those claims. Petitioner's first and second grounds for relief should be dismissed in their entirety.

## V. The Merits of Petitioner's Remaining Claim

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus. As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in

13

light of the evidence.  See *Carey v. Musladin*, 549 U.S. 70 (2006); *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000).  Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction.  See *Carey*, 549 U.S. at 74.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 404-05 (emphasis added by the quoting court).  A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result.  *Id*. at 405-06.  A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand.  See *Wiggins v. Smith*, 539 U.S. 510, 520 (2003).  "In order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been objectively unreasonable."  *Id*. at 520-21 (internal citations and quotation marks

omitted). This Court applies this deferential standard of review to the state courts' ruling on Petitioner's third ground for relief.

In his third ground for relief, Petitioner contends that his guilty plea was not knowing and voluntary because, during the plea colloquy, the trial court did not "discuss the affirmative defense of sanity at the time of the act." (Doc. No. 1 at 9.)[4] In its decision affirming his conviction, the state appellate court examined this issue in the context of whether the trial court complied with the requirements of Rule 11(C)(2) of the Ohio Criminal Rules:

> Our review of a trial court's Crim.R. 11(C)(2) colloquy depends on whether the defendant complains of a failure to inform him of constitutional rights or a failure to inform him of non-constitutional rights. *State v. Thomas,* 3d Dist. No. 10–10–17, 2011–Ohio–4337, ¶ 20–21. If the appeal implicates the defendant's constitutional rights, then we review the colloquy to ensure that the trial court strictly complied with Crim.R. 11(C)(2)'s dictates. *State v. Veney,* 120 Ohio St.3d 176, 897 N.E.2d 621, 2008–Ohio–5200, ¶ 18. Conversely, if the appeal implicates non-constitutional matters, then we only review the colloquy to ensure that the trial court substantially complied with Crim.R. 11(C)(2). *State v. Griggs,* 103 Ohio St.3d 85, 814 N.E.2d 51, 2004–Ohio–4415, ¶ 11–12. "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implication of his plea and the

---

[4] In the statement of facts in support of this ground for relief, Petitioner also argues that his plea was not knowing and voluntary because the trial court failed to inform him regarding probation, community control and judicial release. (Doc. No. 1 at 9.) Petitioner, who is counseled, does not, however, assert any argument with respect to this issue. Because Petitioner asserts no argument regarding the trial court's failure to discuss probation, community control or judicial release, this issue is deemed waived. See *Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir.2006) ("It is well-established that 'issues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (quoting *McPherson v. Kelsey,* 125 F.3d 989, 995–996 (6th Cir.1997)).

15

> rights he is waiving." *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).
>
> Here, Phillips complains of the trial court's . . . purported failure to discuss the insanity defense. [This complaint does not implicate] the constitutional rights enumerated in Crim.R. 11(C)(2). *See Veney* at ¶¶ 19–21, 897 N.E.2d 621 (identifying the following constitutional rights as requiring strict compliance with Crim.R. 11(C)(2): right to jury trial; right to confront witnesses; privilege against self-incrimination; and right to require state to prove guilt beyond a reasonable doubt). As such, we review the trial court's colloquy with Phillips only to ensure that the trial court substantially complied with Crim.R. 11(C)(2). *See Stewart* at syllabus (applying substantial compliance analysis to trial court's failure to inform the defendant of community control sanction).

*Phillips*, 2012 WI 6571626 at * 9. The appellate court concluded that the trial court had substantially complied with the requirements of the state criminal rule and, after noting that Ohio law specifically did not require the trial court to inform a defendant of the availability of an affirmative defense, rejected Petitioner's argument. *Id*. at *11.

In his § 2254 petition, Petitioner argues that the United States Constitution requires a trial court to inform a defendant of the availability of an affirmative defense in order for that defendant's guilty plea to be knowing and voluntary. Petitioner's argument lacks merit. It is well established that the standard for determining the voluntariness of a defendant's guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). Although the Supreme Court has not set forth a specific list of items about which a trial court must advise a defendant in order to conclude that the defendant's guilty plea was voluntary, the Court has noted that Rule 11(c) of the Federal Rules of Criminal Procedure was "designed to assist the

16

district judge in making the constitutionally required determination that a defendant's plea is truly voluntary." *McCarthy v. United States*, 394 U.S. 459, 465 (1969). Rule 11(c) requires a trial court judge to ascertain that a defendant understands the various consequences of his plea – *i.e.*, the rights be is waiving by pleading guilty – as well as the potential sentence and other penalties associated with the relevant offense. Fed. R. Crim. P. 11(c)(1)(A)-(N). The availability of a particular affirmative defense is not included in the list of items contained in Rule 11(c).

Further, Petitioner points to no United States Supreme Court decisions holding that, in order for a guilty plea to be knowing and voluntary, a trial court must advise the defendant of the availability of affirmative defenses. Although Petitioner cites to various state and lower federal court cases that discuss the issue, it is well established that only decisions of the United States Supreme Court can satisfy the "clearly established federal law" requirement for habeas relief. *See, e.g., Lopez v. Smith*, 135 S. Ct. 1, 4 \_\_\_ U.S. \_\_\_ (2014). Further, the Supreme Court has cautioned the lower federal courts against applying its precedent too generally in order to find that a petitioner's argument relies upon clearly established federal law. *Nevada v. Jackson*, 133 S. Ct. 1990, 1994, \_\_\_ U.S. \_\_\_ (2013) ("By framing our precedents at such a high level of generality, a lower federal court could transform even the most imaginative extension of existing case law into 'clearly established Federal law, as determined by the Supreme Court.'") (quoting § 2254(d)(1)). In this case, Petitioner offers no legal authority that is sufficient to merit habeas relief to support his claim that the trial court's alleged failure to advise him regarding the availability of the insanity defense violated his constitutional

17

rights.[5] Accordingly, he cannot demonstrate that the trial court's decision to accept his plea was contrary to, or an unreasonable application of, clearly established federal law. Petitioner's final ground for relief should be dismissed as without merit.

---

[5] The transcript of Petitioner's plea hearing reflects that the trial court specifically asked Petitioner whether he understood that, by pleading guilty, Petitioner was "giv[ing] up [his] right to have jury or court trial on [his] plea of not guilty and not guilty by reason of insanity." (Pl. at 5.)

### VI. Conclusion.

For the reasons given above, the petition should be dismissed with prejudice.

Date: January 22, 2016                              /s/ *Nancy A. Vecchiarelli*
                                                    United States Magistrate Judge

### **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**