Case No. 3:14-cv-1824
Gwin, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                                   :

CHAD PHILLIPS,                       :        CASE NO. 3:14-CV-1824

                    :

        Petitioner,          :

                    :

vs.                         :        OPINION AND ORDER

                    :        [Resolving Doc. 1]

AL LAZAROFF, Warden,       :

                    :

        Respondent.         :

                    :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Habeas Corpus Petitioner Chad Phillips seeks relief under 28 U.S.C. § 2254 from his sentence of life incarceration with no possibility of parole until after 30 years. He raises three grounds for relief: that his sentence violates his right to Equal Protection and Due Process and that his guilty plea was not knowing, voluntary, or intelligent.[1]

Magistrate Judge Vecchiarelli filed a Report and Recommendation ("R&R") in this case. Her R&R suggests that this Court deny Phillips' petition because Petitioner's first two grounds of relief were defaulted and are not reviewable. The R&R recommends that the third ground of relief lacks merit.[2]

For the following reasons, the Court **OVERRULES** Petitioner's objections to the R&R, **ADOPTS** the R&R, and **DENIES** Phillips' § 2254 petition.

---

[1] Doc. 1. Respondent filed a return of writ. Doc. 6. Petitioner filed a traverse. Doc. 8. Respondent filed a reply to the traverse. Doc. 11. Petitioner filed a sur-reply. Doc. 12.
[2] Doc. 13. Petitioner objects. Doc. 14. Respondent replies. Doc. 15.

Case No. 3:14-cv-1824
Gwin, J.

## I. Background

On May 20, 2011, the Van Wert County Grand Jury indicted Petitioner on several charges, including aggravated murder in the shooting death of Christopher McMillan.[3]

On August 4, 2011, Petitioner Phillips entered a plea of not guilty by reason of insanity.[4] In September 2011, the Ohio trial court's Diagnostic and Treatment center evaluated Petitioner. It found that Petitioner had no mental or psychological characteristics that would prevent him from understanding the court proceedings.[5] Defense counsel did not object to this finding.[6] On October 21, 2011, the trial court found that Petitioner was competent to stand trial. Petitioner does not claim that he was incompetent during the state court process.[7]

On November 15, 2011, Petitioner pleaded guilty to one count of aggravated murder.[8] During the plea colloquy, the state trial court asked Petitioner if he understood that he was giving up his right to have his case tried to a jury "on [his] plea of not guilty and not guilty by reason of insanity." Petitioner answered yes.[9] However, the trial court did not specifically ask Petitioner about waiving the insanity defense that Phillips earlier made.[10] The trial court accepted Petitioner's plea and convicted Phillips of one count of aggravated murder. The conviction for aggravated murder did not allege any aggravating circumstances that could result in the imposition of the death sentence under Ohio Revised Code § 2929.04.[11]

---

[3] Doc. 6-1 at 8. This Court relies on the R&R and on the state court record, Doc. 6-1, for the procedural history of this case.
[4] *Id.* at 47
[5] Doc. 6-2 at 14.
[6] *Id.* at 13.
[7] The trial court asked Petitioner if he was in good mental and physical health at the time of the guilty plea. Petitioner answered yes. *Id.* at 24.
[8] Doc. 6-1 at 50, 60.
[9] Doc. 6-2 at 21.
[10] *See* Doc. 6-2 at 16–27.
[11] *Id.* at 26.

Case No. 3:14-cv-1824
Gwin, J.

On December 15, 2011, the trial court sentenced Petitioner to life imprisonment with no possibility of parole until after 30 years of incarceration. Petitioner did not object to the sentence.[12]

On appeal, Petitioner alleged several trial court errors, including that his sentence violated his right to Equal Protection and Due Process.[13] On December 17, 2012, the Ohio appeals court denied all of Petitioner's assignments of error and affirmed his conviction.[14] As to Petitioner's constitutional sentencing claims, the Appeals Court said,

> The essential import of these arguments is that R.C. 2929.03(A) is unconstitutional and we should instruct the trial court to pronounce a sentence of life imprisonment with parole eligibility after 20 years. We note that Phillips did not raise issues of constitutionality in the trial court. When a party fails to raise such issues, they are waived.[15]

On January 25, 2013, the Appeals Court declined to re-hear Petitioner's Appeal.[16]

On May 22, 2013, the Ohio Supreme Court declined jurisdiction over the appeal.[17]

On August 18, 2014, Petitioner filed this habeas petition. With his petition, Phillips raises three grounds of relief: (1) "As Mr. Phillips was not alleged to have committed his conduct with any aggravating circumstance from R.C. §2929.04(A) applicable [sic] [the] due process and the equal protection clause [sic] of the Ohio Constitution and the United States Constitution compel a sentence of 20 to life," (2) "Ohio sentencing law amounts to an equal protection violation, as a person alleged falsely of an aggravating circumstance faces a lesser sentence than a person not alleged to have committed his offense with any aggravating circumstance present," and (3) "The plea in this case was not knowing, voluntary, and intelligent, in violation of Criminal Rule 11,

---

[12] *Id.* at 53, 54.
[13] Doc. 6-1 at 69–71.
[14] *Id.* at 31.
[15] *Id.* at 24 (citing *Erwin v. Erwin*, 2009 WL 224959 at *4 (Ohio Ct. App. 2009)).
[16] *Id.* at 177–78.
[17] *Id.* at 233.

Case No. 3:14-cv-1824
Gwin, J.

the Ohio Constitution, and the United States Constitution and because the Trial Court did not

discuss the affirmative defense of sanity at the time of the act."[18]

On January 22, 2015, Magistrate Judge Vecchiarelli issued the R&R. The R&R says that

Petitioner's first two grounds of relief are procedurally defaulted under Ohio's contemporaneous

objection rule and are also not cognizable. The R&R says Petitioner's third ground of relief lacks

merit. The R&R concludes that this Court should dismiss Phillips' petition.[19]

Petitioner objects to the R&R's findings on grounds one and three. Petitioner concedes

that this Court should dismiss ground two.[20] As to ground one, Petitioner argues that the R&R

incorrectly found that Petitioner's constitutional arguments were subject to Ohio's

contemporaneous objection rule.[21] Petitioner does not make new objections to the R&R's non-

cognizability finding, instead incorporating "support offered in the prior briefing."[22] As to

ground three, Petitioner argues that the R&R misreads U.S. Supreme Court precedent in finding

that Petitioner's plea was voluntary, knowing, and intelligent.[23]

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a de novo review only of

those portions of the R&R to which the parties have properly objected.[24] A district court may

adopt without review parts of the R&R to which no party has objected.[25]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") [26] controls

habeas review of state court proceedings. AEDPA generally requires that a petitioner exhaust all

---

[18] Doc. 1 at 9.
[19] Doc. 13.
[20] Doc. 14 at 3.
[21] *Id.* at 2–4.
[22] *Id.* at 4.
[23] *Id.* at 4–6.
[24] 28 U.S.C. § 636(b)(1).
[25] *Thomas v. Arn*, 474 U.S. 140, 149 (1985).
[26] 28 U.S.C. § 2254.

Case No. 3:14-cv-1824
Gwin, J.

of his available state court remedies before seeking habeas relief.[27] A district court will not

consider a habeas petitioner's "contentions of federal law . . . not resolved on the merits in the

state proceeding due to [a petitioner's] failure to raise them there as required by state

procedure."[28]

If the state argues that a petitioner's grounds for relief are procedurally defaulted, a

district court must determine

> [1] whether there is a procedural rule applicable to the claim at issue, and whether
> the petitioner in fact failed to follow it . . . [2] whether the state courts actually
> enforced their procedural sanction . . . [3] whether the state's procedural forfeit is
> an "adequate and independent ground" on which the state can rely to foreclose
> federal review; and [4] [whether] there was "cause" for [petitioner] to neglect the
> procedural rule, that he was actually prejudiced by the alleged constitutional
> error.[29]

As to issues resolved on the merits by the state courts, habeas relief

> shall not be granted . . .  unless the adjudication of the claim-- (1) resulted in a
> decision that was contrary to, or involved an unreasonable application of, clearly
> established Federal law, as determined by the Supreme Court of the United States;
> or (2) resulted in a decision that was based on an unreasonable determination of
> the facts in light of the evidence presented in the State court proceeding.

### III. Discussion

*Ground One*

Petitioner's argument that his constitutional objections are not procedurally defaulted

loses.

Following the four-step analysis for procedural default under *Maupin*,[30] the Court finds

that Ohio's contemporaneous objection rule applied to Petitioner's failure to object to his

sentence during his sentencing hearing.

---

[27] 28 U.S.C. § 2254(b)(1)(A).
[28] *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Lundgren v. Mitchell*, 440 F.3d 754, 763–64 (6th Cir. 2006).
[29] *Maupin v. Smith*, 785 F.2d 135, 138–39 (6th Cir. 1986).
[30] *Id.*

Case No. 3:14-cv-1824
Gwin, J.

Second, the Ohio appeals court "actually enforced the state procedural sanction"[31] when it dismissed Petitioner's assignment of error for not raising the objection at his sentencing hearing.[32]

Third, this waiver was "an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim."[33]

Fourth, Petitioner has not shown cause for failing to comply with the procedural rule. Petitioners' only argument on this issue is that Magistrate Judge Vecchiarelli incorrectly found that the Court of Appeals dismissed his constitutional claims due to waiver. However, as discussed above, the Court of Appeals dismissed Petitioner's claims on waiver grounds. Therefore, Petitioner's claims are procedurally defaulted and not cognizable on habeas review.

Additionally, the R&R correctly found that Petitioner's claims present issues of state law not cognizable on habeas review. Even if these claims raised issues of federal constitutional law and were resolved on the merits by the state courts, Petitioner cites to no Supreme Court cases that suggest that his sentence "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[34] Petitioner could not meet his burden under the AEDPA even if this ground for relief were fairly presented to this Court for review.

*Ground Two*

Petitioner Phillips says in his habeas petition that "Ohio sentencing law amounts to an equal protection violation."[35] However, in his objections to the R&R, Petitioner concedes that

---

[31] *Id.* at 138.
[32] *See* Doc. 6-1 at 24.
[33] *Maupin*, 785 F.2d at 138; *see Scott v. Mitchell*, 209 F.3d 854, 866 (6th Cir. 2000).
[34] 28 U.S.C. § 2254(d)(1).
[35] Doc. 1 at 8.

Case No. 3:14-cv-1824
Gwin, J.

the R&R correctly dismissed this ground for relief.[36] Therefore, this Court **ADOPTS** this portion of the R&R and incorporates it by reference.

*Ground Three*

Petitioner says that his guilty plea was unknowing and involuntary because the trial court did not "discuss the affirmative defense of sanity at the time of the act."[37] The R&R correctly found that this objection is properly before this Court for merits habeas review.    Petitioner objects to the R&R's rejection of this voluntariness of his plea ground for relief. Petitioner says that the R&R misreads Supreme Court precedent on the issue of waiving affirmative defenses during a plea colloquy.[38]

However, Petitioner does not cite to a Supreme Court case that requires the trial court to ask about waiving the insanity defense during the plea colloquy.[39] Petitioner's argument that this Court should treat the insanity defense differently from other affirmative defenses only highlights the lack of Supreme Court precedent on this issue.[40] Petitioner cannot show that the state court's acceptance of Petitioner's guilty plea "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[41]

---

[36] Doc. 14 at 3.
[37] Doc. 1 at 9.
[38] Doc. 14 at 4-6.
[39] The cases Petitioner cites do not advance his position. Petitioner cites to *Henderson v. Morgan*, 426 U.S. 637, n.15 (1976) for the proposition that a defendant may raise the affirmative defense of temporary insanity despite being competent to stand trial. This passage is silent on the issue of how not specifically waiving the insanity defense might make a plea involuntary or unknowing. The next case, *Hamilton v. State of Ala.*, 368 U.S. 52 (1961), stands for the proposition that it is important to be represented by counsel at arraignment. The only discussion of the insanity defense cautions that in Alabama, a defendant must plead the insanity defense at arraignment or risk waiving it. *Id.* at 53. Finally, *United States v. Broce*, 488 U.S. 563 (1989) supports the R&R's position. That case noted, "[o]ur [Supreme Court] decisions have not suggested that conscious waiver is necessary with respect to each potential affirmative defense relinquished by a plea of guilty. Waiver in that sense is not required." *Id.* at 573.
[40] Doc. 14 at 6.
[41] 28 U.S.C. § 2254(d)(1).

Case No. 3:14-cv-1824
Gwin, J.

### IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections to the R&R.

The Court **ADOPTS** in whole Magistrate Judge Vecchiarelli's R&R and incorporates it fully

herein by reference. The Court **DENIES** Petitioner's § 2254 petition. Moreover, the Court

certifies that no basis exists upon which to issue a certificate of appealability.[42]

IT IS SO ORDERED.

Dated: February 11, 2016                                    _s/_____    _James S. Gwin_____
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE

---

[42] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).